FILED-CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

2006 OCT 20  PM 2: 17

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| 1. **Versata Software, Inc., f/k/a Trilogy Software, Inc.; and** <br> 2. **Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc.** <br><br><br><br> **Plaintiffs,** <br><br> v. <br><br> 1. **Selectica, Inc.,** <br><br> **Defendant.** | § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 2 - 0 6 C V - 4 4 4** <br><br> TJW <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") file this Original Complaint for patent infringement against Defendant, Selectica, Inc ("Selectica").

**PARTIES**

1.      Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 6011 W. Courtyard, Austin, Texas, 78730.

2.      Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 6011 W. Courtyard, Austin, Texas, 78730

3.      Upon information and belief, Defendant Selectica is a corporation existing under the laws of Delaware with its principal place of business at 3 West Plumeria Drive, San Jose, CA 95134.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND

7.    On May 7, 1996, The United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,515,524 ("the '524 patent"), entitled "Method and Apparatus for Configuring Systems." Versata holds all right, title, and interest in and to the '524 patent (a true and correct copy of which is attached as Exhibit A).

8.    On January 13, 1998, the USPTO duly and legally issued United States Patent No. 5,708,798 ("the '798 patent"), entitled "Method and Apparatus for Configuring Systems." Versata holds all right, title, and interest in and to the '798 patent (a true and correct copy of which is attached hereto as Exhibit B).

9.    On December 14, 1999, the USPTO duly and legally issued United States Patent No. 6,002,854 ("the '854 patent"), entitled "Method and Apparatus for Configuring Systems." Versata holds all right, title, and interest in and to the '854 patent (a true and correct copy of which is attached hereto as Exhibit C).

10.    Upon information and belief, Selectica makes, uses, licenses, sells, offers for sale, or imports in the State of Texas, in this judicial district, and elsewhere within the United States configuration software and related services.

## COUNT I: INFRINGEMENT OF THE '524 PATENT

11.    The preceding factual statements are incorporated herein by reference.

12. Selectica has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, of the '524 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing configuration software and related services covered by one or more claims of the '524 patent, all to the injury of Versata.

13. Versata has marked its products that embody or may be used to practice the inventions claimed in the '524 patent and has given written notice to Selectica of its infringement in accordance with 35 U.S.C. § 287

14. Selectica had and has actual notice of the '524 patent, and Selectica has infringed and is infringing the '524 patent with knowledge of Versata's patent rights, without a reasonable basis for believing that Selectica's conduct is lawful. Defendant Selectica's acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

15. Versata has been damaged by Selectica's infringement of the '524 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Selectica is permanently enjoined from infringing the '524 patent.

## COUNT II: INFRINGEMENT OF THE '798 PATENT

16. The preceding factual statements are incorporated herein by reference

17. Selectica has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, of the '798 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing configuration software and related services covered by one or more claims of the '798 patent, all to the injury of Versata

18.    Versata has marked its products that embody or may be used to practice the inventions claimed in the '798 patent and has given written notice to Selectica of its infringement in accordance with 35 U.S.C. § 287.

19.    Selectica had and has actual notice of the '798 patent, and Selectica has infringed and is infringing the '798 patent with knowledge of Versata's patent rights, without a reasonable basis for believing that Selectica's conduct is lawful. Defendant Selectica's acts of infringement have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

20.    Versata has been damaged by Selectica's infringement of the '798 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Selectica is permanently enjoined from infringing the '798 patent.

## COUNT III: INFRINGEMENT OF THE '854 PATENT

21.    The preceding factual statements are incorporated herein by reference

22.    Selectica has been and is now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement, of the '854 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing configuration software and related services covered by one or more claims of the '854 patent, all to the injury of Versata.

23.    Versata has marked its products that embody or may be used to practice the inventions claimed in the '854 patent and has given written notice to Selectica of its infringement in accordance with 35 U.S.C § 287.

24.    Selectica had and has actual notice of the '854 patent, and Selectica has infringed and is infringing the '854 patent with knowledge of Versata's patent rights, without a reasonable basis for believing that Selectica's conduct is lawful. Defendant Selectica's acts of infringement

have been willful, deliberate, and in reckless disregard of Versata's patent rights, and will continue unless permanently enjoined by this Court.

25.    Versata has been damaged by Selectica's infringement of the '854 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Selectica is permanently enjoined from infringing the '854 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. pray for the following relief against Defendant Selectica, Inc.:

A.    A judgment in favor of Versata that Selectica has infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of Versata's '524, '798, and '854 patents;

B    A permanent injunction, enjoining Selectica and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of Versata's '524, '798, and '854 patents;

C.    A judgment and order requiring Selectica to pay Versata damages for Selectica's infringement of Versata's '524, '798, and '854 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D.    A judgment and order finding Selectica's infringement willful and awarding treble the amount of damages and losses sustained by Versata as a result of Selectica's infringement under 35 U.S.C. § 284;

E.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Versata its reasonable attorneys' fees; and

F.      Such other and further relief in law or in equity to which Versata may be justly

entitled

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues triable of right before a jury

Respectfully submitted,

**McKOOL SMITH P.C.**

By: _Sam Baxter_ (signature)

Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
505 E. Travis, Suite 105
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Mike McKool, Jr.
Texas State Bar No. 13732100
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
mmckool@mckoolsmith.com

Peter J. Ayers
Texas State Bar No. 24009882
payers@mckoolsmith.com
Laurie L. Gallun
Texas State Bar No. 24032339
lgallun@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Facsimile:  (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS
VERSATA SOFTWARE, INC. AND
VERSATA DEVELOPMENT GROUP, INC.**

**PLAINTIFFS' ORIGINAL COMPLAINT – PAGE 6**
Austin 28521v2